**GENERAL PLASTIC CORPORATION OF AMERICA**

v.

**William FINKELSTEIN, Joseph Finkelstein, Leonard Kolker, Sab Finkelstein (also known as Sabbaghal Finkelstein), Individually and as partners trading as Philadelphia Brief Case Company.**

Civ. A. 20314.

United States District Court
E. D. Pennsylvania.

July 16, 1956.

Louis Necho, Philadelphia, Pa., for plaintiff.

Harry Langsam, Stanley Bilker, Philadelphia, Pa., for defendant.

GANEY, District Judge.

This case is before the court on defendants' motion for summary judgment in an action brought on February 29, 1956, for alleged patent infringement. The question posed is whether the defendant has acquired "intervening rights" prior to the reissue of plaintiff's patent.

On July 24, 1951, Martin M. Drogin filed an application for patent on a plastic and metal luggage handle.[1] Prior to its issuance on May 4, 1954, Drogin assigned the patent to plaintiff. On December 31, 1951, defendant filed his application for a similar luggage handle. The patent was granted on May 18, 1954. Defendant has made and sold a great number of handles modeled after his patented article.

On March 21, 1955 plaintiff filed an application pursuant to 35 U.S.C. § 251 for a reissue of its original patent. The ·reissue, containing two claims, was granted on October 4; 1955. The wording of Claim 1 is identical with that of Claim 1 of the original Drogin patent except for a substitution of "a flexible inverted *generally* U-shaped strap", for "a flexible inverted V-shaped strap", and the addition of the following description: "the ends of said strap extending below said molded body member for engagement with said piece of luggage." Both the mistaken description and the failure to add the quoted description were made by the inventor without any deceptive intention. Except for the deletion of the description: "Web connecting said lugs to said side walls", Claim 2 of the reissue is identical in wording with Claim 1. Plaintiff admits that as a result of the deletion Claim 2 is broader than Claim 1 of the original Drogin Patent.

■ Defendant, in support of his motion for summary judgment, maintains that the change in the wording of Claim 1 of the reissue prevents that claim from being "identical" with the claim of the

patent within the meaning of 35 U.S.C. § 252. Were we to read the claim of the Drogin Patent independent of the drawings and specification, such a claim would be incomplete, and the description "a flexible inverted V-shaped strap" would have to be accepted as meaning exactly what it said. But this we are not permitted to do. It is elementary that the claim is to be read in the light of the disclosure on the specification. See Motion Picture Patents Co. v. Universal Film Mfg. Co., 1917, 243 U.S. 502, 510, 37 S.Ct. 416, 61 L.Ed. 871; 1900 Washer Co. v. Cramer, 3 Cir., 1909, 169 F. 629; Ellis on Patent Claims (1949 Ed.) § 24.

From the drawings and a model of the handle, the description "inverted, generally U-shaped" is a more apt description of the actual shape of the strap than the notation "inverted V-shaped." The change is clearly a correction of a mistaken description and the defendant does not seriously contend that this correction changes the scope of the patent claim.

■ Concerning the added description, the specification of the Drogin Patent, in part, reads: "The handle is secured to the top of a piece of luggage 17 by means of a strap 16 the ends of which are pivotally secured, as at 19, to lugs or fastening members 18 carried by, or forming part of, the frame of the luggage. The members 18 are present in conventional luggage and form no part of the present invention." The claim, when read in connection with this description, gives the strap a useful function which it would not otherwise have. When plaintiff added the description to the end of Claim 1 of the reissue, he was

I. The claim provides as follows: "What I claim is: A handle construction for use on a piece of luggage, or other object, said construction including a molded body member formed of a thermosetting, synthetic material and having a pair of parallel, spaced, elongated, vertical side walls and a bottom wall connecting the bottom edges of said side walls, a pair of longitudinally spaced lugs carried by said bottom wall and extending upwardly between said side walls, webs connecting said lugs to said side walls, there being a bore formed in each of said lugs, a flexible inverted V-shaped strap having holes therein adapted to register with the bores in said lugs, and nails passing through said holes and said bores and firmly engaging said lugs to secure said strap to said lugs, the upper ends of said lugs being slightly spaced from the upper edges of said side walls whereby, when said strap is secured to said lugs, its upper surface will be substantially flush with the upper edges of said side walls."

**864**

merely stating what was already there by implication. Therefore Claim 1 of the reissue is identical to the claim of the Drogin Patent. And if defendant has infringed the claim of the latter, he has infringed Claim 1 of the reissue.

Accordingly, defendants' motion for summary judgment will be denied.