**SLIMFOLD MANUFACTURING COMPANY, INC., Plaintiff,**

v.

**KINKEAD PROPERTIES, INC. and United States Gypsum Company, Defendants.**

**Civ. A. No. C78–1798A.**

United States District Court, N.D. Georgia, Atlanta Division.

July 25, 1985.

Jones & Askew, Robert E. Richards, Atlanta, Ga., for plaintiff.

Patrick F. Henry, Sr., Frank Love, Jr., James Hawkins, Atlanta, Ga., Robert H. Robinson, U.S. Gypsum Co., Chicago, Ill., for defendants.

## ORDER

FORRESTER, District Judge.

This patent infringement action is before the court on defendants' motion for summary judgment. The past history of this litigation is set out in detail in the court's order of November 19, 1984. *Slimfold Manufacturing Co. v. Kinkead Products, Inc.*, 600 F.Supp. 1015 (N.D.Ga.1984).

### THE REISSUED PATENT

Plaintiff commenced this action on October 20, 1978, alleging that the defendants had infringed United States Patent No. 3,810,274 (hereinafter referred to as the '274 patent). The '274 patent was issued to plaintiff on May 14, 1974, and pertains to a "Pivot and Guide Rod Assembly for Bi-Fold Door." Defendants moved early in this litigation to compel plaintiff to submit to a reissue proceeding pursuant to 35 C.F.R. §§ 251. Judge Robert Hall granted the motion of the defendants, and plaintiff was compelled to submit to reissue proceedings.

On April 17, 1984 the PTO reissued the '274 patent as United States Patent No. 31,553 (hereinafter referred to as the "Ford patent"). The Ford patent contains claims almost identical to the claims contained in the '274 patent except for the addition of one element in claim 1 of the patent required by the examiner as a condition for reissuance. The examiner noted in the course of the reissue proceedings that claims 1–3 would be rejected as vague and indefinite since no antecedent basis was present for the term "said collar" in the last line of claim 1.[1] The examiner pointed

---

1. Claim 1 of the Ford patent reads as follows    with the alteration indicated by underlining:

to the second paragraph of 35 USC § 112 requiring claims "particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention," and required that claim 1 be amended to provide an antecedent basis for the recitation of "said collar." The requirements of 35 USC § 112 are stated specifically in 37 CFR § 1.75(d)(1):

The claim or claims must conform to the invention as set forth in the remainder of the specification and the terms and phrases used in the claims must find clear support or antecedent basis in the descriptions so that the meaning of the terms in the claims may be ascertainable by reference to the description.

One commentator has described this particular requirement as follows.

[A] foundation or an antecedent basis must be laid for each element recited. This can be done, usually in the preamble, by introducing each element with the indefinite article ("a" or "an"). Subsequent mention of the element is to be modified by the definite article or by "said" or by "the said," thereby making the latter mention(s) of the element unequivocally referable to its earlier recitation.

P. Rosenberg, 2 *Patent Law Fundamentals* § 14.06 (2d Ed.1984).

In accordance with this practice, claim 1 was amended prior to reissuance, and the phrase "a collar on said sleeve" was added so that the collar clearly appears as an element in the claim.

1. In a metal door assembly:
A door panel comprising a face sheet,
A stiffening channel secured to one surface of said sheet on an edge thereof, said channel having a pair of spaced apart flanges extending outwardly from said surface and a connecting web,
A pivot rod assembly mounted in said channel,
Said assembly comprising an elongated plastic sleeve extending through corresponding openings in said flanges,
*A collar on said sleeve,*
Sleeve retaining means operatively arranged between said sleeve and said channel to retain said sleeve in said channel,

This action is now before the court on the defendants' first motion for summary judgment which asks the court to hold that defendants' bi-fold door assembly does not infringe plaintiff's patented invention. Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The moving party bears the burden of demonstrating that there is no dispute as to a material fact. *Warrior Tombigbee Transportation Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir.1983). As the Court of Appeals for the Federal Circuit has noted,

Many, if not most, suits for patent infringement give rise to numerous and complex fact issues, rendering those suits inappropriate for summary disposition. Where no issue of material fact is present, however, courts should not hesitate to avoid an unnecessary trial by proceeding under Fed.Rule Civ.P. 56 without regard to the particular type of suit involved.

*Chore-Time Equipment v. Cumberland Corp.*, 713 F.2d 774, 778–79 (Fed.Cir.1983). With this standard and guidance. in mind, the court will consider the grounds for defendants' motion for summary judgment as to each of the claims of the '274 patent and the Ford patent which are allegedly infringed by defendants' doors.

## THE EFFECT OF THE REISSUE PATENT

Defendants' first argument in support of summary judgment hinges on the effect of

A pivot rod having a shank portion positioned in said sleeve and slidable therein and an enlarged head portion,
A compression spring operatively arranged between said channel and said head portion for urging said head portion away from said channel,
And releasable latch means operatively arranged between said head portion and said sleeve for releasably retaining said head in a retracted position adjacent said collar.
Claims 2, 3 and 4 of the Ford patent are identical to claims 2, 3 and 4 of the '274 patent.

the reissued patent upon the original patent. Defendants allege that the '274 patent cannot be infringed because it was surrendered upon the issuance of the Ford patent on April 17, 1984. In light of the fact that defendants have not manufactured or caused to be manufactured any bi-fold doors since January 3, 1980, defendants argue that they cannot be said to have infringed the Ford patent. The first paragraph of 35 USC § 252 sets out the effect of a reissued patent upon the original patent:

> The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, *but insofar as the claims of the original and reissued patents are identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.*

It is the defendants' contention that the alteration made in claims 1–3 when the plaintiff provided an antecedent basis for the phrase "said collar" in claim 1 renders these claims changed for the purposes of 35 USC § 252. Defendants argue that this alteration broadened claims 1–3, and that these claims in the Ford patent are not identical with the same claims in the '274 patent.

A determination of whether claims 1–3 in the '274 patent continue in effect for the purposes of plaintiff's suit for infringement requires an interpretation of the word "identical" in 35 USC § 252. This problem of interpretation arose recently in a patent infringement action involving shipping bundles for oil pipe lengths. *Seattle Box Co. v. Industrial Crating and Packing, Inc.,* 731 F.2d 818 (Fed.Cir.1984). The patent holder amended a claim in the reissue patent by adding the words "substantially

equal to" to the words "greater than" when describing the height of spacer blocks in the shipping bundles when compared to the diameter of the pipe lengths. *Id.* at 822. While the court refused to decide exactly what "identical" means in 35 USC § 252, it stated that "[i]t is clear, though, that 'identical' means, *at most,* 'without substantive change.'" *Id.* at 827–28. It was the opinion of the court that the addition of the words "substantially equal to" made a substantive change in the plaintiff's claims, and was not merely a clarification of language intended to make specific what was always implicit or inherent. *Id.*

This approach to the meaning of section 252 finds support in other cases. In *Johnston v. Textron,* 579 F.Supp. at 783, 790–93 (D.R.I.1984) the same "substantial change" standard was used. That case involved the alleged infringement of a patented slide clasp which served as a coupling device. During the prosecution of the plaintiff's reissue application, certain limitations were added to one of the claims. In particular, the reissued patent was narrowed by requiring that the outer holding member consist of a single piece of folded metal "folded on itself." The original claim regarding the outer holding member did not require that it consist of a single piece of metal. *Id.* at 789–90. This change and others like it convinced the court that the reissued claims were not substantially identical to that of the original patent.

■ In these two cases the substantive changes in the scope of claims in a reissued patent rendered the plaintiff vulnerable to a defense of intervening rights. Contrasting cases involve a modification of the wording of a claim so as to "clarify and make more precise the language used without substantive changes in the claims. The doctrine of intervening rights is inapplicable where claims of a reissued patent are substantially identical to those of original patent." *Austin v. Marco Dental Products, Inc.,* 560 F.2d 966, 973 (9th Cir.1977), *cert. denied,* 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511 (1978) (citations omitted).

Such modifications can take the form of a correction of an error in the original claim which was not misleading. For example, in *Akron Brass Co. v. Elkhart Brass Manufacturing Co.*, 353 F.2d 704 (7th Cir.1965), the court held that substitution of the word "outlet" for the word "inlet" was not a substantive change in the original claim in light of other language in the original claim which sufficiently disclosed the critical fact sought to be disclosed by substitution of the word "outlet." The court concluded that the claims in the original patent and reissued patent were essentially identical and that the corrections made did not "in any way enlarge or modify the substance of claim three as it appears in the original patent." *Id.* at 708.

Modification of language merely intended to eliminate ambiguity in the original claim is also permissible. For example, in a case involving a modification similar to that made in claims 1–3 of the Ford patent, the court found that the addition of a word to conform with reference to the word earlier in a claim was was not a change which rendered the claim substantially different. *Greer Hydraulics, Inc. v. Rusco Industries, Inc.*, 185 U.S.P.Q. 83, 85, 92 (C.D.Cal. 1974). The court concluded that "[t]he wording of claims in a reissue patent may differ from the original wording in the original claims of the original patent without the reissue claims being treated differently for the purpose of defeating a claim of intervening rights." *Id.* at 92 (citations omitted); *see also Corometrics Medical Systems, Inc. v. Berkley Bio-Engineering, Inc.*, 193 U.S.P.Q. 467, 478 (N.D.Cal.1977). Another example of modification of language in a claim merely for the purpose of eliminating ambiguity is found in *Richmond Engineering Co. v. Bowser, Inc.*, 264 F.2d 595 (4th Cir.1959). There was ambiguity in the original patent because of references to "having inlet and outlet conduits" as well as "fuel outlets" and "water outlets" in describing a water-fuel separator tank. In order to avoid the inference that there were outlets in addition to the fuel and water outlets, the phrase in the original claim was amended to read "having a fuel inlet and a fuel outlet." The court concluded that these changes merely eliminated ambiguity and did not change the scope of the claims of the original patent. *Id.* at 598.

The extent to which compliance with the requirement of an antecedent basis is also merely an elimination of ambiguity in a claim is illustrated by the decision of the Court of Customs and Patent Appeals in the *Application of Altenpohl*, 500 F.2d 1151 (CCPA 1974). In this case, an applicant sought a reissue of its patent based on the lack of an antecedent basis for the phrase "said support posts." The reissued claim in this case read:

> The combination of claim 10 wherein said *stationary component includes a support post, said* locking means [is] *being* slidably and guidingly mounted upon said support post and [has] *having* oppositely disposed locking services each abuttingly engaged with one of said locking portion locking services.

*Id.* at 1156 (emphasis in original indicating alterations of original claim). Both the examiner of the reissue application and the Board of Patent Appeals found no merit in the application based on the lack of antecedent basis for the phrase "said support post" because such a change failed to alter the scope of the original claim. *Id.* Despite the fact that the addition of an antecedent basis or the phrase "said support post" did not alter the scope of the original claim, the Court of Customs and Patent Appeals held that the applicant was entitled to reissuance with regard to the claim lacking an antecedent basis. The court held that merely because the element of a support post was included by implication in the original claim did not deprive the applicant of the right to a reissued claim. The court concluded that

> lack of antecedent basis in a claim can render it invalid under 35 USC § 112, second paragraph, and correction of such a defect by reissue should not have to depend on difference and scope of the claim ... a patentee should be allowed to correct an error or ambiguity in a claim

without having to rely on implication or litigation.

*Id.* While this decision is limited to the right of an applicant to a reissued patent under 35 USC § 251, it may be read as indicating that the addition of words to provide an antecedent basis does not change the scope of a claim.

Some courts have gone so far as to look to the drawings and specifications of the original patent when proving that changes in language of a claim merely eliminated ambiguity. One such court addressed the substitution of the phrase "a flexible inverted generally U-shaped strap" for the phrase "a flexible inverted V-shaped strap" as well as the addition of a description of a strap for a patented plastic and metal luggage handle. *General Plastic Corp. v. Finkelstein*, 145 F.Supp. 862 (E.D.Penn. 1956). With regard to the correction of language regarding the shape of the strap, the court noted that "it is elementary that the claim is to be read in light of the disclosure on the specification." *Id.* at 863. Based on the drawings, the court recognized that the change was merely a correction of a mistaken description and did not change the scope of the claim. *Id.* With regard to the additional description concerning the strap, the court noted that the claim in the original patent, when read in conjunction with the original specifications, gives the strap a useful function it otherwise would not have had. The court concluded that:

> When plaintiff added the description to the end of claim 1 of the reissue, he was merely stating what was already there by implication. Therefore, claim 1 of the reissue is identical to the claim of the [original] patent. And if the defendant has infringed the claim of a latter, he has infringed claim 1 of the reissue.

**2.** Defendants argue in their "Rejoinder to the Brief in Opposition to Defendant's Motion for Summary Judgment" that plaintiff never intended for the "said collar" to be an element of claim 1. Defendants point to a July 13, 1983 letter from Kenneth Klarquist, the attorney who drafted the original patent application, to the inventor, Ralph Ford, wherein he described the claim coverage. "Exhibit MS–8 to Brief in Sup-

*Id.* at 863–64; *see also Eagle Iron Works v. McLanahan Corp.*, 429 F.2d 1375, 1386 (3d Cir.1970).

In light of the foregoing authorities, it is evident that defendants have not carried their burden of proving that they are entitled to judgment as a matter of law as to claims 1–3 of plaintiff's patent. When plaintiff amended the '274 patent at the reissue proceeding to provide an antecedent basis for the phrase "said claim," plaintiff did not alter the substantive scope of the claims. The addition of the phrase "A collar on said sleeve" eliminated ambiguity and made clear that the collar was an element of the plaintiff's claim.[2] If the drawings and specifications of the '274 patent are considered in conjunction with the language "said collar," then it is clear that the collar was an intended element of the claim. The "Detailed Description Of The Invention" in the '274 patent reads in part as follows:

> The pivot assembly of the invention comprises an elongated plastic sleeve 30 of nylon or other suitable material which extends through cooperating openings 32, 34 and the flanges 18, 20, respectively. *Formed on the upper end of the sleeve is an integral collar, 26, which abuts the outer surface of the flange 18 adjacent the upper edge of the panel 10.* An integral post extends outwardly from one side of the collar substantially perpendicular to the sleeve 30. . . .

This "integral collar" on the upper end of the sleeve appeared in a corresponding drawing in the '274 patent and clearly was meant to provide positional stability for the sleeve. In short, the original claim language, specification and drawings give the collar a useful purpose in the patented device. This case falls in the category of

port of Defendant's Motion for Summary Judgment." While Attorney Klarquist did not specifically mention the collar in his brief description of the coverage of claim 1, this potential oversight in a letter cannot have precedence over the clear language in claim 1 of the '274 patent. "Said collar" is clearly referred to in claim 1 of the '274 patent, albeit in an ambiguous manner.

cases described above in which the change in the language of a claim was merely a change in wording meant to clarify and make more precise the language used without enlarging or otherwise altering the substance or scope of the claim. The defendants' motion for summary judgment as to claims 1–3 is DENIED.[3]

### CLAIM 4

The remaining claim as to which defendants allege they are entitled to a judgment of non-infringement as a matter of law is claim 4. Claim 4 of the Ford patent is identical with claim 4 of the '274 patent, and consequently does not present any issue of claim continuity. Nevertheless, defendants proffer arguments that claim 4 is neither literally infringed nor infringed when the doctrine of equivalents is applied. The court does not feel confident in its understanding of the motion and response as it relates to claim 4 and would benefit from oral argument. Therefore, oral argument on this matter is scheduled for Aug. 15, 1985 at 2:00 p.m. In addition to arguing the legal issues relevant to claim 4, the court would like a detailed description of the devices in question, particularly the accused device. Specifications and drawings of defendants' device sufficient for ruling on infringement are not in the record.

### CONCLUSION

In sum, claims 1–4 of the '274 patent survived in essentially identical form in the Ford patent, and the Ford patent constitutes a continuation of the '274 patent. 35 USC § 252. The defendants have not demonstrated that they are entitled to judgment as a matter of law regarding claims 1–3, but the court withholds judgment regarding claim 4 pending oral argument as to that claim. Defendants' motion for summary judgment is DENIED IN PART.

---

**3.** It should be recognized that 35 USC § 251 affirmatively prohibited the Patent and Trademark Office in the plaintiff's reissue application from granting a reissued patent which would have the effect of enlarging the scope of a claim of the original patent. Section 251 states that "[n]o reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent." In light of the fact that the original '274 patent was issued in 1974, this court will not presume that the Patent and Trademark Office has granted an invalid, reissued patent in contravention of 35 USC § 251.