**SLIMFOLD MANUFACTURING COMPANY, INC., Plaintiff-Appellee,**

v.

**KINKEAD INDUSTRIES, INC. and United States Gypsum Company, Defendants-Appellants.**

Appeal No. 86–830.

United States Court of Appeals, Federal Circuit.

Jan. 21, 1987.

Donald Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, D.C., argued for defendants-appellants. With him on the brief was Thomas H. Jenkins. Also on the brief were Frank Love, Jr. and James W. Hawkins, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., of counsel. Patrick H. Henry, Atlanta, Ga., of counsel.

Robert E. Richards, Jones & Askew, Atlanta, Ga., argued for plaintiff-appellee. With him on the brief was Anthony B. Askew.

Before NEWMAN, Circuit Judge, MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

Kinkead Industries, Inc. and United States Gypsum Co. (together "Kinkead" herein) appeal the decision of the United States District Court for the Northern Dis-

---

trict of Georgia, Atlanta Division [1], denying Kinkead's motion for summary judgment of non-infringement of claims 1 through 3 of Patent No. Re. 31,553 ("the Ford reissue") owned by Slimfold Manufacturing Company, Inc. ("Slimfold"). Appeal was taken pursuant to 28 U.S.C. § 1292(b), by order of the district court dated December 24, 1985 and petition to this court granted on January 15, 1986. We affirm.

### Background

Reference is made to the district court's published decisions for the history of this action, which dates from 1978, when Slimfold sued Kinkead for infringement of U.S. Patent No. 3,810,274 ("the '274 patent"), invention of Ford et al., which issued on May 14, 1974 and was assigned to Slimfold.

During the infringement suit Slimfold was ordered by the court, on motion of Kinkead, to submit the '274 patent to reissue proceedings before the Patent and Trademark Office. Slimfold complied, and Kinkead participated in the proceeding by filing a "protest" whereby Kinkead brought various references and arguments to the attention of the examiner. The examiner held all four claims patentable on the merits of the references and arguments, but rejected claims 1 through 3 as vague and indefinite in terms of 35 U.S.C. § 112 paragraph 2 because of the absence of an antecedent to the claim term "collar". After arguing unsuccessfully as to the need for such a change, Slimfold added the emphasized words as illustrated in claim 1:

1. In a metal door assembly:

a door panel comprising a face sheet,

a stiffening channel secured to one surface of said sheet along an edge thereof,

said channel having a pair of spaced apart flanges extending outwardly from said surface and a connecting web,

a pivot rod assembly mounted in said channel,

said assembly comprising an elongated plastic sleeve extending through corresponding openings in said figures,

*a collar on said sleeve,*

sleeve retaining means operatively arranged between said sleeve and said channel to retain said sleeve in said channel,

a pivot rod having a shank portion positioned in said sleeve and slidable therein and an enlarged head portion,

a compression spring operatively arranged between said channel and said head portion for urging said head portion away from said channel,

and releasable latch means operatively arranged between said head portion and said sleeve for releasably retaining said head in a retracted position adjacent said collar.

The '274 patent was reissued on April 17, 1984 with this addition to claims 1 through 3.

Kinkead then moved the court for summary judgment of non-infringement, on the basis that (1) reissue claims 1 through 3 were not identical to those in the original '274 patent, as required by 35 U.S.C. § 252 paragraph 1 [2], and therefore Slimfold could not recover for infringement prior to the issue date of the Ford reissue, and (2) Kinkead's doors did not infringe claim 4.

The district court held that the change in claims 1 through 3 did not change their substantive scope, and observed that claim

---

1. *Slimfold Mfg. Co. v. Kinkead Properties, Inc.,* 626 F.Supp. 493, 229 USPQ 298 (N.D.Ga.1985); 600 F.Supp. 1015, 225 USPQ 505 (N.D.Ga.1985).

2. The first paragraph of 35 U.S.C. § 252 states: The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but insofar as the claims of the original and reissued patents are identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.

4 was not changed at all.[3] Thus the district court held that "claims 1–4 of the '274 patent survived in essentially identical form in the Ford patent", 626 F.Supp. 499, 229 USPQ 302. The question before us is whether the district court correctly applied 35 U.S.C. § 252 when it held that Kinkead did not acquire, because of the subsequent change to these claims on reissue, the right to have practiced the invention of claims 1 through 3 before reissue.

### Analysis

The thrust of Kinkead's argument is that "identical" as used in § 252 requires the strictest construction, and means that no change whatsoever in claim words or meaning is made on reissue. Kinkead argues alternatively that, should a less stringent standard be adopted, claims 1 through 3 of the Ford reissue do not meet any reasonable interpretation of the word "identical" because the change in the claims is substantive.

In support of its construction of the word "identical", Kinkead refers to the legislative history of the reissue statute and reminds us that prior to 1928 one could not recover for past infringement of a reissued patent even if the claims were unchanged. S.Rep. No. 579, 70th Cong., 1st Sess. 1 (1928); *Abercrombie & Fitch Co. v. Baldwin*, 245 U.S. 198, 209–10, 38 S.Ct. 104, 107–08, 62 L.Ed. 240 (1917); *Luminous Unit Co. v. Freeman-Sweet Co.*, 3 F.2d 577, 579 (7th Cir.1924). Although the 1928 amendment expressly overruled this interpretation, and authorized the reissue of patents to correct errors while enabling recovery for past infringement of claims "identical" to those in the original patent, R.S. 4916, amended May 24, 1928, Pub.L. No. 501, 45 Stat. 732 (codified at 35 U.S.C. § 64 (1946)), Kinkead argues that, in view of the law prior to amendment, this expan-

sion of rights should be narrowly construed.

"Identical" has consistently been interpreted as not excluding minor word changes. *See, e.g., Austin v. Marco Dental Prod., Inc.*, 560 F.2d 966, 973, 195 USPQ 529, 534 (9th Cir.1977), *cert. denied*, 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511, 197 USPQ 448 (1978) (no intervening rights when claims are "substantially identical"); *Akron Brass Co. v. Elkhart Brass Mfg. Co.*, 353 F.2d 704, 708–09 & n. 5, 147 USPQ 301, 304, 305 n. 5 (7th Cir.1965) (substitution of "outlet" for "inlet" found not to be a substantial change); *Richmond Eng'g Co. v. Bowser, Inc.*, 264 F.2d 595, 597–98, 120 USPQ 508, 509–10 (4th Cir.1959) (despite rephrasing and rearrangement of elements of claim, "scope of the [reissue] claims [was] substantially identical"); *Foxboro Co. v. Taylor Instrument Cos.*, 157 F.2d 226, 228, 70 USPQ 338, 340 (2d Cir.), *cert. denied*, 329 U.S. 800, 67 S.Ct. 494, 91 L.Ed. 684 (1946) ("identical" interpreted to mean "substantially identical"); *Greer Hydraulics, Inc. v. Rusco Indus., Inc.*, 185 USPQ 83, 85 (C.D.Cal.1974) (no intervening rights because claims found "substantially identical" to those in original patent despite correction of spelling, clarification of language, and addition of word "activation" to conform to earlier reference in claim); *General Plastic Corp. v. Finkelstein*, 145 F.Supp. 862, 863–64, 110 USPQ 192, 193 (E.D.Pa.1956) (claim held "identical" because substitution of "generally U-shaped" for "inverted V-shaped" stated what was implied).

In essence, courts have held that it is the scope of the claim that must be identical, not that the identical words must be used. In *Seattle Box Co. v. Industrial Crating & Packing, Inc.*, 731 F.2d 818, 221 USPQ 568 (Fed.Cir.1984), the court held it unnecessary to define "identical" as applied to that case, but expressed the view that it means *"at most, without substantive change." Id.* at 827–28, 221 USPQ at 575

---

**3.** In an order not here appealed, summary judgment was granted in part and denied in part with respect to claim 4. *Slimfold Mfg. Co. v.*

*Kinkead Properties, Inc.*, No. C78–1798A (N.D.Ga. Dec. 24, 1985).

(emphasis in original). In *Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 977 (Fed.Cir. 1986) this court discussed section 252 as applied to reexamination, and held that " 'identical' within the meaning of § 252 first paragraph, means 'without substantive change' ".

■ Courts have rejected the theory that any word change whatsoever would *ipso facto* deprive a reissue claim of its original issue date and thereby allow a person to avoid liability for infringement because of technical corrections to the claims. This is consistent with the purpose of the reissue statute:

> The reissue provisions of the Patent Act of 1952, like the reissue provisions of the earlier patent statutes are remedial in nature. They are based on fundamental principles of equity and fairness and should be so applied to the facts in any given case that justice will be done both to the patentee and to the public.

*In re Willingham*, 282 F.2d 353, 354–55, 127 USPQ 211, 214 (CCPA 1960). The standard applied is that of whether a particular change to the claims is substantive, such that the scope of the claims is no longer substantially identical. It is a reasonable standard, for it implements the purpose of the statute while enabling application "to the facts in any given case that justice will be done". *Id.*

Kinkead's position, before the district court and on this appeal, is that the change to claims 1 through 3 was substantive. Kinkead points to the examiner's insistence during the reissue proceedings that the lack of antecedent basis for "said collar" caused claims 1 through 3 to be "vague and indefinite". The examiner stated that it was "impossible to determine whether 'said collar' is or is not an element ... and, if it is, how it relates to other elements". Indeed, Slimfold was not able to dissuade the examiner from this view, in which Slimfold acquiesced when it inserted the antecedent clause "a collar on said sleeve".

The district court, after careful analysis of judicial holdings on the point, see 626 F.Supp. at 496–98, 229 USPQ at 300–01,

held that the amendment to provide an antecedent basis for "said collar" did not change the substantive scope of the claims.

■ Kinkead argues that the district court erred because the amendment to claims 1 through 3 was made in response to a 35 U.S.C. § 112 rejection and therefore is necessarily substantive, and that Slimfold so conceded when it changed the claims. Authority does not so require. The courts have determined whether a change is substantive upon the facts of each case, without reliance on the motives or the correctness of the motives of either the patent examiner or the applicant. In factual point is *In re Altenpohl*, 500 F.2d 1151, 183 USPQ 38 (CCPA 1974). In *Altenpohl* the examiner had refused to reissue the patent to enable the patentee to insert an antecedent basis for a claimed element, the examiner arguing that the antecedent was already there by implication. The CCPA, noting that "[l]ack of an antecedent basis in a claim *could* render it invalid under 35 U.S.C. § 112," *id.* at 1156, 183 USPQ at 43 (emphasis added), held that whether the antecedent was already there by implication depended on the facts of the case, and that the "patentee should be allowed to correct an error or ambiguity without having to rely on implication or litigation." *Id. Accord Dart Indus., Inc. v. E.I. du Pont de Nemours & Co.*, 348 F.Supp. 1338, 1343, 175 USPQ 540, 544 (N.D.Ill.1972), *rev'd on other grounds*, 489 F.2d 1359, 179 USPQ 392 (7th Cir.1973), *cert. denied*, 417 U.S. 933, 94 S.Ct. 2645, 41 L.Ed.2d 236 (1974) (an amendment to provide an antecedent held to correct a formal defect without a change in scope).

■ The Slimfold specification shows only one collar and in only one place, "on said sleeve", column 2, lines 37–40. Claims are not interpreted in a vacuum, but are part of and are read in light of the specification. *See, e.g., Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1385, 231 USPQ 81, 94–95 (Fed.Cir.1986); *In re Mattison*, 509 F.2d 563, 184 USPQ 484, 486 (CCPA 1975). We discern no merit in Kinkead's argument that the insertion

of this antecedent clause has broadened the claims' reach into infringing structures.

Kinkead refers us to two Supreme Court cases in support of its argument. In *United Carbon Co. v. Binney & Smith Co.*, 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232, 55 USPQ 381 (1942), the Court held that the claim term "substantially pure" was not clearly defined and that the description in the specification was insufficient because it was "almost entirely in terms of function." *Id.* at 236–37, 63 S.Ct. at 169–70, 55 USPQ at 384–85. Similarly in *General Electric Co. v. Wabash Appliance Corp.*, 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402 (1938), the Court held that the term "a number of comparatively large grains" was inadequate to define their structural characteristics, the point of novelty in this case. *Id.* at 370–71, 58 S.Ct. at 902–03, 37 USPQ at 469. Both *United Carbon* and *General Electric* turned upon the adequacy of the description of the invention when functional language was used in the specification and carried into the claims. Neither case dealt with the simple question of claim drafting presented by lack of an antecedent in the claim for a clause of the claim.

The section 112 issue raised against Slimfold is not sufficiency of the disclosure, but rather precision of the claim. The missing antecedent clause, the absence of which was not observed either by the examiner of the original patent[4] or by Kinkead in its reissue protest documents, did not fail to "inform the public during the life of the ['274] patent of the limits of monopoly asserted". *Permutit Co. v. Graver Corp.*, 284 U.S. 52, 60, 52 S.Ct. 53, 55, 76 L.Ed. 163 (1931).

Kinkead has not argued that the device contains more than one "collar", or that it did not know what the claims meant. The reissue examiner, in requiring an antecedent for the term "collar", was correcting a drafting error that the prior examiner and Ford's patent lawyer could and probably should have spotted when the original

patent was examined. "The specification and claims of a patent ... constitute one of the most difficult legal instruments to draw with accuracy". *Topliff v. Topliff*, 145 U.S. 156, 171, 12 S.Ct. 825, 831, 36 L.Ed. 658 (1892). *See also Royal Typewriter Co. v. Remington Rand, Inc.*, 168 F.2d 691, 693, 77 USPQ 517, 519 (2d Cir. 1948) (L. Hand, J.), *cert. denied*, 335 U.S. 825, 69 S.Ct. 50, 93 L.Ed. 379 (1948) ("a boundary cannot be drawn with precision"); *Blake v. Stafford*, 3 Fed.Cas. 610, 612 (C.C. D.Conn.1868) (No. 1,504) ("the greatest skill and most untiring patience [are] not always ... able to guard against all error", therefore reissue is necessary).

Kinkead argues that it was entitled to rely on this defect. Slimfold points out that there was no evidence of such reliance, and that although Kinkead presented through its "protests" to the PTO many arguments as to why the patent should not be reissued, it did not raise this one. This amendment did not enlarge the scope of the claims, and Kinkead did not demonstrate that it relied to its detriment on any aspect of the original claims that was changed by reissue.

35 U.S.C. § 252 protects third persons who rely on the scope of a claim as originally granted, as against subsequent changes in scope by reissue. In the case at hand, the district court correctly held that the scope of reissued claims 1 through 3 is identical to that of the original claims, and that the claims are substantively the same. This holding comports with the heavy weight of authority. We share Kinkead's concern for the need for certainty in the scope of patent claims, but we do not believe that this long-standing judicial interpretation of 35 U.S.C. § 252, a remedial statute having as its sole purpose the correction of errors, has contributed to uncertainty. Rather, it reflects the continuing efforts of courts to reach a just result.

The decision of the district court is

AFFIRMED.

---

4. The examiner was responsible "to make sure the wording of the claims [was] sufficiently definite to *reasonably* determine the scope."

Manual of Patent Examining Procedure § 706.-03(d) (1985) (emphasis in original).