FORTEL CORPORATION,
Plaintiff-Appellant,

v.

PHONE–MATE, INC.,
Defendant-Appellee.

No. 87–1196.

United States Court of Appeals,
Federal Circuit.

Aug. 11, 1987.

Keith D. Beecher (argued), of Jessup, Beecher & Slehofer, Santa Monica, Cal., for plaintiff-appellant.

Paul L. Gardner (argued), of Spensley Horn Jubas & Lubitz, of Los Angeles, Cal., for defendant-appellee. With him on the brief were Martin R. Horn and David M. Simon, of Spensley Horn Jubas & Lubitz, of Los Angeles, California.

Before MARKEY, Chief Judge, and BENNETT, Senior Circuit Judge, and SMITH, Circuit Judge.

MARKEY, Chief Judge.

Fortel Corporation (Fortel) appeals from a final judgment of the United States District Court for the Central District of California, No. 85–3380–LEW (C.D.Cal. Jan. 27, 1987), granting summary judgment to Phone-Mate, Inc. (Phone-Mate). We affirm.

## Background

The facts are undisputed. Phone-Mate and Fortel are competitors in the field of telephone answering machines. On May 20, 1985, Fortel sued Phone-Mate for allegedly infringing claims 8–12 of U.S. Patent No. 4,451,707 (the '707 patent). The patent, entitled "Ring Detector and Telephone Line Monitoring System for Telephone Answering Instrument", issued May 29, 1984 to Bradford E. Hanscom who assigned it to Fortel. The claims in issue, of which only claim 8 is in independent form, are directed to electrical circuitry in a telephone answering machine which causes the answering machine to disconnect from the telephone line when a telephone connected to the same line as the answering machine is taken off its hook.

On April 7, 1986, the Patent and Trademark Office (PTO) granted a Request for Reexamination filed by Phone-Mate on February 7, 1986 pursuant to 37 C.F.R. § 1.510. In its order, the PTO stated that a "substantial new question of patentability affecting claims 8–12" had been raised in the request. The PTO stated that U.S. Patent No. 3,935,390 issued to David R. Winterhalter (Winterhalter) "solves the problem discussed and claimed [in the '707 patent] as pointed out in the request."

By April 25, 1986, Phone-Mate had ceased all activities relating to answering machines having the allegedly infringing auto-disconnect feature.

In response to the PTO's order, Fortel filed a document dated April 29, 1986 entitled "Statement of Patent Owner". After challenging some of Phone-Mate's assertions, Fortel stated:

However, Patent Owner agrees with the contention of the Requester, that claim 8 of the ['707 patent] could be construed to read on the Winterhalter Patent in a literal sense, although such a reading would violate the Doctrine of Equivalents, since there is no equivalency between the Winterhalter circuit and the [circuit claimed in the '707 patent].

*   *   *   *   *   *

In order to avoid any question with respect to the claims of the ['707 patent] distinguishing from Winterhalter, the following amendment is proposed to claim 8 of the ['707 patent]. This amendment incorporates some of the subject matter of claim 9, and, for that reason, it is proposed that claim 9 be cancelled.

Claim 8, with Fortel's additions italicized and deletions bracketed, reads:

A monitoring system for controlling the operation of a telephone answering system, said monitoring system responding to direct current voltage differentials on the telephone line independent of the actual direct current voltage level of the telephone line, said monitoring system including in combination: input circuitry connected to the telephone line, *said input circuitry including circuit means for producing an output voltage representative of the actual direct current voltage level of the telephone line,* and output circuitry connected to said input circuitry, [and] *said output circuitry including a comparator having a first input terminal connected to the output of said input circuitry and having a second input terminal, and self-biasing circuitry connected to the second input terminal of said comparator to bias said second input terminal to a voltage representing a predetermined percentage of the voltage applied to said first input terminal, said system being* responsive to said direct current voltage differentials on said telephone line occurring after the telephone answering system has been activated by a ring signal

received over the telephone line to produce an output signal when said *direct current* voltage differentials exceed a predetermined minimum value so as to cause the telephone answering system to return to [its original] *the* condition *it was in* before the receipt of the ring signal.

On September 10, 1986, the PTO issued a "Notice of Intent to Issue a Reexamination Certificate" in view of Fortel's "Statement of Patent Owner". On January 20, 1987, the PTO issued a Reexamination Certificate confirming claims 1–7, cancelling claim 9, and amending claim 8 (and thus dependent claims 10–12), exactly set forth above.

On January 27, 1987, the district court granted Phone-Mate's motion for summary judgment. The court determined that, because no asserted claim in the reexamined patent was without substantive change from any claim in the original patent, Fortel had no right to enforce those reexamined claims before the date of the reexamination certificate. Because all of the allegedly infringing acts occurred before that date, the district court held that Phone-Mate was entitled to judgment as a matter of law.

### Issue

Whether the district court erred in granting Phone-Mate's motion for summary judgment.

### OPINION

#### I.

The claims in Fortel's reexamination certificate "have the same effect as that specified in [35 U.S.C. § 252] for reissued patents on the right of any person who made, purchased, or used anything patented by such proposed amended or new claim, ... prior to issuance of a certificate under [35 U.S.C. § 307(a)]." 35 U.S.C. § 307(b) (1982); *see Kaufman Co. v. Lantech, Inc.,* 807 F.2d 970, 976, 1 USPQ2d 1202, 1206 (Fed.Cir.1986). The question of whether the reexamination statute, section 307, incorporates both paragraphs of section 252, was answered in the affirmative in *Kaufman.* Moreover, the House Report states:

Subsection 307(b) provides intervening rights similar to those provided by patent law section 252 with respect to reissued patents. *Thus, a person practicing a patented invention would not be considered an infringer for the period between issuance of an invalid patent and its conversion through reexamination to a valid patent.*

H.R.Rep. No. 1307, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S.Code Cong. & Admin.News 6460, 6467 (emphasis added).

The first paragraph of section 252 states:

The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but in so far as the claims of the original and reissued patents are identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, *to the extent that its claims are identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.* [Emphasis added.]

In *Kaufman,* this court held that, because the reexamination claims were "without substantive change from the original claims and therefore [were] legally 'identical' within the meaning of § 252, [the patentee could] recover damages for infringing activities performed before the date of the reexamination certificate...." 807 F.2d at 977, 1 USPQ2d at 1207. Thus, the reexamination claims had "continuous effect" from the date of the original patent. *Id.; see also Slimfold Manufacturing Co. v. Kinkead Industries, Inc.,* 810 F.2d 1113, 1 USPQ2d 1563 (Fed.Cir.1987), *aff'g,* 626 F.Supp. 493, 229 USPQ 298 (N.D.

Ga.1985) (no "substantive change" in reissue).

In *Seattle Box Co. v. Industrial Crating & Packing, Inc.*, 731 F.2d 818, 828, 221 USPQ 568, 575 (Fed.Cir.1984), this court determined that reissued claims were broadened in scope with respect to the originally issued claims and reversed an award of damages for activities performed before the reissue date, stating:

> Congress, in [the first paragraph of section 252], has explicitly limited claim continuity to claims in the reissued patent *identical* to claims in the original patent. The statute does not allow the claims of the original patent some other form of survival. The original claims are dead. The statute permits, however, the claims of the reissue patent to reach back to the date the original patent issued, *but only if* those claims are identical with claims in the original patent. With respect to new or amended claims, an infringer's liability commences only from the date the reissue patent is issued.

*Id.* at 827, 221 USPQ at 574–75 (emphasis in original).

Thus the sole issue in this appeal is whether the district court erred in determining that the amended claims in the reexamination certificate were not substantively identical with the original claims, thus precluding enforcement of the amended claims for the period before the certificate issued.

## II.

In Fortel's briefs before this court, and in its opposition in the district court to Phone-Mate's summary-judgment motion, the issue is mischaracterized. Fortel devoted its briefs and opposition, in their virtual entirety, to an attack on applicability of the doctrine of intervening rights. The doctrine is codified in the *second* paragraph of section 252.[1] Fortel's argument that the doctrine does not apply is correct but irrelevant.

This case does not now involve and never has involved the applicability of the doctrine of intervening rights. Phone-Mate never asserted that affirmative defense, it being undisputed that Phone-Mate ceased all allegedly infringing activity before the reexamination certificate issued. *See, e.g., Seattle Box Co. v. Industrial Crating and Packing Inc.*, 756 F.2d 1574, 1579, 225 USPQ 357, 361 (Fed.Cir.1985) (intervening rights is defense to infringing activity occurring after reissuance). Fortel incorrectly and improperly attempted to have this court and the district court believe that Phone-Mate relied on the doctrine of intervening rights as the basis for its summary-judgment motion, and to have this court believe that that defense was the basis for the judgment appealed from.

The nearest Fortel comes to the issue on appeal lies in its passing suggestions that it did not intend its amendments to create a substantive difference and that the amendments are similar to limitations in cancelled claim 9 and original claim 10. Neither suggestion establishes that amended claim 8 is substantively identical to any original claim.

That amended claim 8 is substantively different from original claim 8 is an ines-

---

1. 35 U.S.C. § 252 ¶ 2 reads:

No reissued patent shall abridge or affect the right of any person or his successors in business who made, purchased or used prior to the grant of a reissue anything patented by the reissued patent, to continue the use of, or to sell to others to be used or sold, the specific thing so made, purchased or used, unless the making, using or selling of such thing infringes a valid claim of the reissued patent which was in the original patent. The court before which such matter is in question may provide for the continued manufacture, use or sale of the thing made, purchased or used as specified, or for the manufacture, use or sale of which substantial preparation was made before the grant of the reissue, and it may also provide for the continued practice of any process patented by the reissue, practice, or for the practice of which substantial preparation was made, prior to the grant of the reissue, to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced before the grant of the reissue.

capable conclusion upon a mere reading of those claims. Indeed, Fortel admits in its reply brief that newly inserted limitations in claim 8 are "slightly broader" than the corresponding limitations in the original claims. No further discussion is necessary.[2]

Fortel has shown no error in the district court's determination that reexamined claim 8, and thus its dependent claims, *see* 35 U.S.C. § 112 ¶ 4, were not substantively identical to the original claims within the meaning of 35 U.S.C. § 252 ¶ 1.

## CONCLUSION

The district court correctly determined that Fortel's claims in the reexamination certificate were not substantively identical to the claims in its original '707 patent and properly denied enforcement of the patent. It being undisputed that no allegedly infringing acts occurred after the date of the reexamination certificate, the doctrine of intervening rights is irrelevant in this case. The district court's grant of Phone-Mate's motion for summary judgment must be affirmed.

AFFIRMED.

---

**2.** Though we admit to substantial difficulty in understanding the basis for filing and prosecuting this appeal, we are willing to accept misperception of the law as that basis, rather than frivolity.