**TENNANT COMPANY,**
**Plaintiff–Appellant,**

v.

**HAKO MINUTEMAN, INC. and**
**Hako–Werke GmbH & Co.,**
**Defendants–Appellees.**

No. 88–1554.

United States Court of Appeals,
Federal Circuit.

June 21, 1989.

Jerry W. Snider, Faegre & Benson, of Minneapolis, Minn., argued for plaintiff-appellant. With him on the brief was Felicia J. Boyd. Also on the brief was Alfred H. Plyer, Jr., Kinzer, Plyer, Dorn, McEachran & Jambor, Chicago, Ill.

James J. Hill, Emrich & Dithmar, Chicago, Ill., argued for defendants-appellees. With him on the brief were Frank R. Reynolds, Jr. and Jeanne Reynolds; Reynolds & Reynolds, Chicago, Ill., of counsel.

Before SMITH, Senior Circuit Judge,* BISSELL and MICHEL, Circuit Judges.

BISSELL, Circuit Judge.

Tennant Company appeals the order of the United States District Court for the Northern District of Illinois, No. 84 C 10670 (July 13, 1988) (Alesia, J.), dismissing the case with prejudice, and the July 21, 1988, order denying Tennant's motion to reinstate its complaint. We reverse-in-part, vacate-in-part, and remand with instructions to reinstate the complaint.

## BACKGROUND

In 1984, Tennant filed suit against Hako Minuteman, Inc. and Hako–Werke GmbH & Co. (Hako) for infringement of United States Patent No. 3,540,070 ('070). Hako counterclaimed for antitrust violations. Initially, this case was before Judge Moran. In 1987, it was reassigned to Judge Alesia. Prior to reassignment the following events had occurred:

(1) Judge Moran dismissed Hako's antitrust counterclaim;

(2) Judge Moran found that "[i]f the '070 patent is valid, the Hako 1100 [sweeper] literally infringes it." *Tennant Co. v.*

* This case was argued and submitted on March 7, 1989. Judge Smith assumed senior status on June 1, 1989.

*Hako Minuteman, Inc.,* 651 F.Supp. 945, 954, 1 USPQ2d 2042, 2046 (N.D.Ill.1986); (3) The United States Patent and Trademark Office (PTO) subsequently issued reexamination certificate B1 3,540,070; (4) Hako admitted that its 1100 sweeper infringes the amended reexamination patent; (5) Judge Moran ruled that the reexamination amendments did not make substantive changes to the original claims, and Hako, if ultimately liable, was responsible for damages back to November 17, 1970, when the '070 patent first issued. *Tennant Co. v. Hako Minuteman, Inc.,* 4 USPQ2d 1167, 1169, 1987 WL 12207 (N.D.Ill.1987).

Thus, Tennant had prevailed on each issue resolved by Judge Moran and the PTO, leaving for trial only the validity of the reexamined '070 patent and the amount of infringement damages.

Also pending on the transfer date were Hako's motion for reconsideration of Judge Moran's reexamination ruling, and Hako's interrogatories and requests for production directed to Tennant's damages to which Tennant had only provided a blanket objection. Thereafter on July 24, 1987, Judge Alesia, on his own initiative, stayed discovery indefinitely and did not address these pending issues.

Almost a year later on June 7, 1988, Judge Alesia lifted the stay and indicated that only 90 days would be allowed to complete discovery on damages. Three days later, Tennant served on Hako a set of interrogatories seeking information pertaining to damages. On June 13th, only six days after the stay was lifted, Hako filed a motion to compel discovery. Judge Alesia granted Hako's motion in the following colloquy from the bench on June 15th:

THE COURT: The defendants' motion to compel is granted. The plaintiff is ordered to answer the defendants' interrogatories and produce all of the requested documents in Chicago not later than June 30, and to produce a 30(b)(6) witness for deposition not later than June [sic] 15. Mr. Adams is given leave to assist the defendants' counsel subject to the provisions of the protective order that has already been entered in this case.

[TENNANT]: Your Honor, don't we get a chance to respond to the motion?

THE COURT: No. Call the next case.

Tennant served its answers to Hako's interrogatories and produced some 4,000 documents on June 29th. Unsatisfied with Tennant's response, Hako moved, shortly thereafter, under Federal Rules of Civil Procedure 37(b)(2) for dismissal of the complaint as a discovery sanction. Hako also moved for a protective order under Rule 26(c) from Tennant's discovery requests. Tennant immediately objected to Hako's dismissal motion and requested time to answer. On July 13th, Judge Alesia held that the amended claims were substantively changed thus reversing Judge Moran's earlier ruling to the contrary, granted Hako's request for a protective order and sanctioned Tennant by dismissing the case with prejudice as follows:

[THE COURT:] Hako's motion for reconsideration is granted.

Now, with regard to the motions in front of me, I know that the plaintiff in this case wishes to answer them, but I don't think it is necessary. First of all, the defendant Hako's motion for a protective order is granted. The requests made by the plaintiff are exceptionally broad in this case and many of the requested items are completely irrelevant to any issue in this case.

With regard to the defendants' motions for sanctions for the plaintiff's refusal to comply with my order of June 15, 1988, I am going to grant that. These interrogatories were served over a year ago, and I am going to dismiss this case with prejudice. The case will be reinstated if the plaintiff fully complies—and I mean fully complies—with my order of June 15, 1988, on or prior to July 15, 1988. If there is not full compliance the case is dismissed with prejudice and stays dismissed with prejudice.

Following dismissal, Tennant moved for reinstatement seeking to demonstrate that it had fully responded to Hako's discovery

requests. When Judge Alesia summarily denied Tennant's motion the following exchange took place:

> THE COURT: Why didn't you comply with the discovery?
>
> [TENNANT]: We did comply with it, your Honor.
>
> THE COURT: That is not what the defendant said.
>
> [TENNANT]: Well, the defendant is wrong, your Honor, with all due respect. I would suggest that if we went through each and every inquiry we can convince the Court that the defendant was wrong.
>
> . . . .
>
> THE COURT: I have to tell you that I think it is incredible—I entered this order on June 15 with regard to discovery, then back on July 12 when I dismissed it I still gave you an opportunity to comply by July 15. Instead of complying with the discovery request you submitted this [motion for reinstatement] to me.
>
> [TENNANT]: Your Honor, with all due respect to the Court, and I have great respect for the court, we did comply with the Court's discovery request.

### ISSUES

1. Whether the district court's dismissal as a discovery sanction was an abuse of discretion.

2. Whether the district court erred in holding that the amendments made during reexamination of the '070 patent substantively altered the original claims.

### OPINION

#### I. DISMISSAL SANCTION

■ On a procedural issue, this court applies the law of the regional circuit to which district court appeals normally lie, unless the issue pertains to or is unique to patent law. *Panduit Corp. v. All States Plastic Mfg.*, 744 F.2d 1564, 1574–75, 223 USPQ 465, 471 (Fed.Cir.1984). Here we apply the law of the Seventh Circuit because a Rule 37(b) discovery sanction does not involve such issues.

The Seventh Circuit has stated that "a Rule 37(b) dismissal requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1179 (7th Cir.1987); *accord National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (per curiam); *Hindmon v. National–Ben Franklin Life Ins. Corp.*, 677 F.2d 617, 620 (7th Cir.1982). A Rule 37(b) dismissal is discretionary, *National Hockey*, 427 U.S. at 642, 96 S.Ct. at 2780; *Hindmon*, 677 F.2d at 620, and the Seventh Circuit "will not set aside a trial court's [dismissal] unless it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration." *Patterson v. Coca–Cola Bottling Co. Cairo-Sikeston, Inc.*, 852 F.2d 280, 283 (7th Cir. 1988). In our review, we look at the entire "procedural history of the case ... at the time of dismissal." *Id.* at 284.

■ The procedural history of this case neither supports nor warrants the drastic remedy imposed here. Hako served discovery requests to which Tennant timely objected. Shortly thereafter, Judge Alesia stayed this action for almost a year. Six days after lifting the self-imposed stay, Judge Alesia granted Hako's motion to compel discovery, allowing Tennant no opportunity to respond. Within the next two weeks, Tennant interviewed 12 employees, retained a marketing expert to evaluate its damages, and gathered almost 4,000 documents in response to Hako's discovery requests. Tennant served its answers on June 29, 1988, and indicated that arrangements could be made to inspect the 4,000 produced documents at its attorneys' office. On July 8, 1988, Hako moved for dismissal as a discovery sanction against Tennant. Without affording Tennant any opportunity to respond to Hako's charges, Judge Alesia granted the motion five days later.

The district court's rulings provide no insight into any deficiency in Tennant's discovery responses. Instead, the court apparently relied on Hako's representations

without any response from Tennant. Additionally, the required finding of willfulness, bad faith, or fault on the part of Tennant is lacking, *cf. Roland*, 811 F.2d at 1179–80, and we find no evidence in the record to support such a finding. *Cf. Sere v. Board of Trustees of the Univ. of Ill.*, 852 F.2d 285, 290 (7th Cir.1988) (finding ample evidence in record to support Rule 37(b) dismissal). Accordingly, the district court abused its discretion in dismissing Tennant's case.

## II. REEXAMINATION

■ Claims amended during reexamination are entitled to the date of the original patent if they are without substantive change or are legally "identical" to the claims in the original patent. *See* 35 U.S.C. § 307(b) (1982); *see also Kaufman Co. v. Lantech, Inc.*, 807 F.2d 970, 975–78, 1 USPQ2d 1202, 1206–08 (Fed.Cir.1986) (stating that section 307(b) incorporates the "identical" standard of 35 U.S.C. § 252 (1982)). If not "identical," the patentee has no right to recover infringement damages for periods prior to the date that the reexamination certificate issued. *See Fortel Corp. v. Phone–Mate, Inc.*, 825 F.2d 1577, 1581, 3 USPQ2d 1771, 1774 (Fed.Cir.1987).

■ At both parties' request, the PTO reexamined Tennant's '070 patent. Tennant amended original claim 2 (now reexamination claim 1) by adding, inter alia, the word "bottom" before "wall" in six places. In pertinent part, reexamination claim 1 reads:

> 1. A sweeping machine having a sweeping brush and a storage hopper for receiving swept material from the brush, said hopper having a movable first *bottom* wall section, a main part that includes a second bottom wall section....

B1 3,540,070 patent, column 2, lines 1–5 (emphasis indicates added claim language).

Following reexamination, Judge Moran ruled that the claims of the original and the reexamined patents were legally "identical." *Tennant*, 4 USPQ2d at 1169. In granting Hako's reconsideration motion, Judge Alesia determined that because "the addition of the word 'bottom' narrows and

substantially alters the original patent [claims]," the reexamined claims are *not* legally "identical" to their original counterparts. Tennant contends that Judge Alesia erred in interpreting the scope of the claims. Under the proper construction, the "movable first wall" of original claim 2 was always a bottom wall. Thus, Tennant did not substantively alter the claim's scope by inserting "bottom."

Under section 252, "identical" does not mean verbatim, but rather means "without substantive change." *Slimfold Mfg. v. Kinkead Indus.*, 810 F.2d 1113, 1115, 1 USPQ2d 1563, 1565–66 (Fed.Cir.1987); *see also Fortel*, 825 F.2d at 1581, 3 USPQ2d at 1774 (holding reexamined claims "not substantively identical" to original claims). "Claims are not interpreted in a vacuum, but are part of and are read in light of the specification." *Slimfold*, 810 F.2d at 1116, 1 USPQ2d at 1566. The addition of the word "bottom" does not substantively change the scope of original claim 2, but merely makes the claim more definite. The '070 specification makes numerous references to a movable bottom wall. *See, e.g.*, '070 patent, column 1, lines 13, 31, 53; column 2, lines 34, 37, 47, 54 and 62; column 3, line 17; column 4, line 35. Moreover, original claim 1 provides for "a movable first wall section" and "a second bottom wall section." Because a second cannot exist without a first, common sense dictates that the claimed first wall section is also a bottom wall section. Accordingly, Judge Alesia erred. The reexamination claims are without substantive change from the original claims.

## CONCLUSION

The district court's order dismissing the case is reversed and the case is remanded with instructions to reinstate the complaint. The court's rulings on Hako's motion to compel and Hako's motion for a protective order are vacated, and the court's reexamination ruling is reversed. Hako's request for attorney fees is denied.

## COSTS

Hako shall pay Tennant's costs.

REVERSED–IN–PART, VACATED–IN–PART, and REMANDED.