887 F.2d 1094
 13 U.S.P.Q.2d 1956
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert L. MENDENHALL and CMI Corporation, Plaintiffs/Cross-Appellants,
v.
ASTEC INDUSTRIES, INC., Defendant-Appellant.
 Nos. 89-1188, 89-1245 and 89-1351.
 United States Court of Appeals, Federal Circuit.
 Sept. 1, 1989.
Rehearing Denied Sept. 30, 1989.
Suggestion for Rehearing In Banc Declined Oct. 16, 1989.
 
 Before FRIEDMAN, NIES and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The judgment of the United States District Court for the Eastern District of Tennessee, No. Civ.-1-86-229 (October 31, 1988), finding Astec Industries, Inc. liable for infringement of U.S. Patents Re. 31,904 and Re. 31,905, is affirmed.
 
 OPINION
 
 2
 Appeal. Intent to deceive is an essential element of an inequitable conduct claim. Kingsdown Medical Consultants Ltd. v. Hollister Inc., 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988). After seeing and hearing Mendenhall and his patent attorney testify, the district court found that neither intended to deceive the PTO by not disclosing the Maplewood process because neither had sufficient knowledge of it. Astec has not shown that the district court was wrong in this finding. Therefore its conclusion that there was no inequitable conduct was well within its discretion.
 
 
 3
 Astec also maintains, however, that the I-15 use should have been disclosed during the prosecution of the '905 patent's parent, U.S. Patent No. 4,177,080 ('080 patent). The district court found that the I-15 use's "level of materiality, if any, to the '080 application is not high," and the parties argue over whether this means material or immaterial. We think it is irrelevant because the district court again credited the testimony of Mendenhall's patent attorney that the use was not disclosed to the PTO because he felt it was not pertinent to the subject matter claimed by the patent. The court therefore held that Astec failed to prove by clear and convincing evidence that nondisclosure of it "was the result of either bad faith or gross negligence by Mendenhall or his attorney." We cannot fault this conclusion.
 
 
 4
 The I-15 use was significantly different from the '080 patent. It involved the use of 100% recycle material, rather than the combination of recycle and virgin material, and the recycle material was introduced into the hot zone of the drum and not the cooler zone as required by the '080 patent. Thus, the court could permissibly reject the defense that the nondisclosure of the I-15 use was inequitable conduct.
 
 
 5
 The district court exhaustively examined and discussed the five references Astec claims anticipated the '904 patent and concluded that not only do they not anticipate, but as a whole and with other references they do not render the patent obvious. We think this disposition is unobjectionable.
 
 
 6
 Astec's emphasis on the Belgian patent is particularly misplaced. The application was filed on August 4, 1976 and the patent issued on December 1, 1976. The application for the '904 patent has a filing date of August 11, 1975, which it claims as a result of a chain of four copending applications, the earliest being filed on that date. We see no error in the district court's determination that the '904 patent is entitled to the earlier filing date because all of the earlier applications met the enablement requirement of 35 U.S.C. Sec. 112 (1982) as it relates to the '904 patent. Nor do we believe the court was wrong when it said the Belgian patent is therefore not prior art. Nothing else Astec presents convinces us the '904 patent is anticipated or obvious.
 
 
 7
 As for the '905 patent, we think the district court, again in a well-reasoned analysis, was correct to reject the anticipation argument and the remaining obviousness defenses.
 
 
 8
 Cross-Appeal. There is no dispute that all the claims in the '905 patent were substantially amended although narrower. 35 U.S.C. Sec. 252 requires that for claims to have the same issue date as the parent patent, substantively they must be substantially identical to those of the parent. See Slimfold Mfg. Co. v. Kinkead Indus., 810 F.2d 1113, 1116, 1 USPQ2d 1563, 1566 (Fed.Cir.1987). The reissue claims are not the same, and liability cannot attach to Astec prior to the reissue date.
 
 
 9
 To receive a new trial on the Double Barrel plant's infringement because of inadequate time to prepare, Mendenhall needed to show that denial of the continuance or the failure to amend the pretrial order to exclude the Double Barrel plant from suit was prejudicial. Fed.R.Civ.P. 61; see also Deere & Co. v. International Harvester Co., 710 F.2d 1551, 1558, 218 USPQ 481, 486 (Fed.Cir.1983). It has not done so, and we cannot say the district court abused its discretion in denying the motion for a new trial.