11 F.3d 1072
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael LADNEY, Plaintiff-Appellee,
v.
ENCORE SYSTEMS, INC., Vanguard Industrial Plastics, Inc. and
George R. Lees, Defendants-Appellants.
 No. 93-1232.
 United States Court of Appeals, Federal Circuit.
 Oct. 28, 1993.
Rehearing Denied Dec. 3, 1993.
 
 Before MICHEL, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the Eastern District of Michigan, Southern Division, awarding damages of $2,250,000 to plaintiff-appellee Michael Ladney in his patent infringement and tortious interference suit against defendants-appellants Encore Systems, Inc., Vanguard Industrial Plastics, Inc., and George R. Lees (collectively "Encore"). The judgment was based upon an order for default judgment of liability against Encore and upon an order awarding damages on the tortious interference claim after applying the doctrine of collateral estoppel based on a state court damage award. We affirm-in-part, vacate-in-part, and remand.
 
 DISCUSSION
 
 2
 * This court has stated that it applies regional circuit law when reviewing Fed.R.Civ.P. 37(b) discovery sanctions. Tennant Co. v. Hako Minuteman, Inc., 878 F.2d 1413, 1416, 11 U.S.P.Q.2d 1303, 1305 (Fed.Cir.1989). Since this appeal comes from the Eastern District of Michigan, the law of the Sixth Circuit controls.
 
 
 3
 In the Sixth Circuit, discovery sanctions are reviewed only for abuse of discretion. Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir.1990) (citation omitted). If a party has the ability to comply with a discovery order and does not, dismissal or default judgment is not an abuse of discretion. Id. However, dismissal or default judgment is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. Id. Additional factors to consider in reviewing a district court's decision to impose sanctions under Fed.R.Civ.P. 37(b) include (1) whether the adversary was prejudiced by the defaulting party's failure to cooperate in discovery, (2) whether the defaulting party was warned that failure to cooperate could lead to default, and (3) whether less drastic sanctions were imposed or considered before default was ordered. Id.
 
 
 4
 During the course of litigation, Encore willfully and repeatedly violated discovery orders, and Ladney was prejudiced by Encore's failure to cooperate in the discovery process. Encore prevented Ladney from inspecting the "Encore process" even though the magistrate judge had ordered the inspection and Ladney had agreed to cover the costs. This inspection was necessary for Ladney and his expert to determine whether Encore was sublicensing the "Encore process" or the "Baxi process" and whether the related apparatus of the process infringed U.S. Patent No. 4,781,544. Encore had already conducted a demonstration of the process for the benefit of its own expert. Second, the magistrate judge had previously warned Encore that further noncompliance with discovery orders could result in case dispositive sanctions. Finally, in the past the district court had imposed less drastic sanctions, and it considered such sanctions before ordering default judgment following the events of February 20, 1991.
 
 
 5
 In sum, applying the appropriate factors, we cannot say that the district court abused its discretion in ordering a discovery sanction of default judgment under Fed.R.Civ.P. 37(b)(2)(C) against Encore. Therefore, we affirm the order of default judgment of liability.
 
 II
 
 6
 Michigan law controls the requirements of collateral estoppel. A federal court determines the preclusive effect of a prior state court judgment by applying the same doctrine of collateral estoppel as the state where the judgment was rendered. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). The Michigan Supreme Court has stated that "[c]ollateral estoppel applies to preclude relitigation of issues actually determined by final judgment and essential to the judgment in a prior action between the parties." Amalgamated Transit Union, Local 1564 v. Southeastern Mich. Transp. Auth., 437 Mich. 441, 451, 473 N.W.2d 249, 253 (1991). Put another way, in order for collateral estoppel to apply in a subsequent proceeding, the issue in that proceeding must be identical to the issue determined in the prior action. Id.
 
 
 7
 In the prior action Ladney v. Baxi, No. 88 356292 CK, the Circuit Court for Oakland County, Michigan, entered judgment on September 5, 1991, in the amount of $2,250,000 against Baxi for breaching a license agreement. Ladney asserts that those damages are identical to the damages arising from his tortious interference claim against Encore. The problem with this assertion is that the state court award was a general verdict for several breaches of contract, including some not within the scope of the tortious interference claim here. Moreover, the jury verdict form and judgment in Ladney v. Baxi do not explain how the jury allocated damages. In short, based upon the very limited record from Ladney v. Baxi that was considered by the district court, we simply cannot determine whether the damages which were found in the state court case were damages arising from the matters which were at issue in the district court litigation.
 
 
 8
 Thus, as a matter of law, we are not persuaded that the record adequately supports a finding of identity of issues for collateral estoppel to apply to damages in this case. Therefore, we vacate the court's award of $2,250,000 and remand the case to the district court to determine damages.