Harold G. ABBEY, Plaintiff,

v.

BILL USSERY MOTORS, INC.: L.P. Evans of West Palm Beach, Inc.; Mercedes–Benz of North America, Inc.; Mercedes–Benz A.G.; and Robert Bosch GMBH, Defendants.

Robert Bosch GMBH, Counter– Plaintiff,

v.

Harold G. Abbey, Counter–Defendant.

No. Civ93–6231.

United States District Court, S.D. Florida.

Feb. 26, 1999.

Robert Edward Pershes, Pershes & Schwartz, P.A., Coral Springs, FL, Jeffrey Marc Herman, Grubman & Moore, Miami, FL, for Harold G. Abbey.

Harvey W. Gurland, Jr., Mershon Sawyer Johnston Dunwody & Cole, Miami, FL, Ronald Bennett Ravikoff, Bryan Robert Cleveland, Zuckerman Spaeder Taylor & Evans, Miami, FL, for Bill Ussery Motors, Inc., L.P. Evans Motors of West Palm Beach, Inc., Mercedes–Benz of North America, Inc.

Ronald Bennett Ravikoff, Bryan Robert Cleveland, Zuckerman Spaeder Taylor & Evans, Miami, FL, for Robert Bosch GMBH.

### *MEMORANDUM OPINION AND ORDER*

FERGUSON, District Judge.

THIS CAUSE is before the Court for (a) a claim construction ruling pursuant to *Markman v. Westview Instruments*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), and (b) resolution of Defendants' Motion for Partial Summary Judgment Regarding Computation of Damages (the "Substantive–Change Motion") [D.E. 317].

### *The '685 Patent*

Plaintiff alleges that products made and sold by Defendants infringe Plaintiff's U.S.Patent No. 4,387,685 ("the '685 patent"). The '685 patent relates to a fluidic control system having a casing into which

a fluid is admitted. A movable spool is supported within the casing.

During the pendency of this case, defendant Bosch filed, in the United States Patent and Trademark Office ("PTO"). a request for reexamination of the '685 patent based upon substantial new questions of patentability. The PTO granted the request and, upon reexamination of the '685 patent, rejected several claims. including claim 1 (the only independent claim) as unpatentable in light of cited prior art (including the DeRugeris and Holzbaur patents). The PTO decision was affirmed by the Court of Appeals for the Federal Circuit. Faced with unpatentable claims, including an unpatentable claim 1, Plaintiff then amended his claims. A reexamination certificate issued on February 3, 1998 with the amended claims. The claims of the reexamined patent are now before the Court.

### Claim Construction

On July 20, 1998, the Court held a *Markman* hearing. The parties presented, among other issues, the question whether claim 1 requires that the spool have an "interior passage." Plaintiff asserted that the claim does not require an interior passage. Defendants contend that claim 1 and each of the dependent claims require an interior passage. Each side presented expert testimony. The inventor and plaintiff, Harold G. Abbey, testified on his own behalf, and Rene Tegtmeyer testified for Defendants. Documents were submitted in support of their respective positions.

Claim construction is a matter of law for the Court to decide. *See Markman*, 517 U.S. 370, 116 S.Ct. 1384. In reaching its decision, the Court must first "look to the words of the claims themselves...." *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.Cir. 1996). The Court must also "review the specification to determine whether [in the claims] the inventor has used any terms in a manner inconsistent with their ordinary meaning." *Id.* Next, the Court "may also consider the prosecution history of the patent," which may contain "express representations made by the applicant regarding the scope of the claims." *Id.* Finally, the Court may consider "extrinsic" evidence, such as expert testimony. However, if the patent together with its prosecution history "unambiguously describes the scope of the patented invention, reliance on any extrinsic evidence is improper." *Id.* at 1583.

Having considered the relevant patents and prosecution histories, the parties' arguments, and having reviewed the relevant portions of the record, the Court rules that independent claim 1 and dependent claims 2–15 of the reexamined '685 patent require an interior passage. Claim 1. by its plain language. requires an interior passage, as well as an exterior passage. It clearly recites a "spool *having an interior* central parabolic venturi flow passage ...." (emphasis added). The fact that an interior passage is required is further evidenced by the language which states that "the fluid stream ... is divided and *flows through the interior and exterior passages....*" (emphasis added). Because claims 2–15 depend on claim 1, all claims of the '685 patent require an interior passage.

The Court notes that there is a phrase in the claim which provides that "said spool [has] at least said exterior annular venturi flow passage...." This language is not inconsistent with the Court's ruling that a device with both an interior and an exterior passage does have "at least" an exterior passage. The claim construction given here is mandated by the ordinary meaning of words used in the claims.

The Court has also carefully reviewed the patent's specification and its original and reexamination prosecution histories. These documents do not indicate that the words in the claim are to be given anything other than their ordinary meaning. *See, e.g., Vitronics*, 90 F.3d at 1582–83. During the *Markman* hearing, the parties also presented oral testimony. Because the Court found that the patent, along with

its prosecution history, unambiguously describes the scope of the patented invention, the Court did not find it necessary to rely on any of the extrinsic evidence presented by the parties. *See Vitronics,* 90 F.3d at 1583.

For all of the above reasons, the Court rules that independent claim 1 and dependent claims 2–15 of the reexamined '685 patent require a spool having an interior passage.

### *The Substantive–Change Motion*

A Substantive–Change motion was filed by the Defendants on June 19, 1998. The motion has been fully briefed and is ripe for decision. For reasons set forth below, the Court finds that all of the reexamined claims of the '685 patent are substantively changed from the original claims and, therefore, the reexamined claims cannot be enforced prior to February 3, 1998.

■ In general, a claim that has been amended during reexamination cannot be enforced prior to the date on which the reexamination certificate issued. *See, e.g., Bloom Eng'g Co. v. North American Mfg. Co.,* 129 F.3d 1247 (Fed.Cir.1997); *see also* 35 U.S.C. §§ 307, 252. If, however, the amended claim is legally "identical" to a claim in the original patent, the amended claim can be enforced back to the time the original patent was issued. *See id.* Where reexamined claims are not legally identical to any original claim, the patentee cannot seek damages for acts of alleged infringement that occurred before the date the reexamination certificate was issued. *See id.*

■ The Federal Circuit has determined that in this context "identical" means "without substantive change." *See, e.g., Bloom,* 129 F.3d 1247. If an amended claim has a different scope than an original claim, then the claim has been substantively changed. Claim 1 is the only independent claim in the reexamined '685 patent. If claim 1, the only independent claim, has been substantively changed, so have all the dependent claims. *See Fortel Corp. v. Phone–Mate, Inc.,* 825 F.2d 1577, 1581 (Fed.Cir.1987).

■ The Court examined the original and reexamination prosecution histories of the '685 patent. These documents show that Plaintiff's post-rejection amendment of claim 1, based on newly-cited prior art, was more than a mere clarification.[1] To obtain allowable claims, the patentee added limitations narrowing the scope of the claim.[2] Additional support for this finding is located in the Examiner's statement of reasons for patentability in the reexamination. The Examiner wrote that new "structural and functional limitations have been added to claim 1 ... so as to distinguish the invention from the prior art of record." (Notice of Intent dated December 11, 1997). Plaintiff accepted the Examiner's statement obviously declining an explicit invitation to contest the statement.[3] (Confirmation of Notice of Intent, dated December 17, 1997); *see also Bloom,* 129 F.3d at 1251 ("[t]he claims were narrowed and limited in view of [newly cited prior art]. The district court correctly viewed this as a substantive change in claim scope"). Each of the reexamined claims is clearly different in scope from,

---

1. The mere fact that a patentee amended his claim after a prior-art rejection does not mean that the amendment was substantive since it is possible for an inventor to overcome a prior-art rejection by argument alone, and, after the rejection, amend his claim without changing its scope. *See Laitram Corp. v. NEC Corp.,* 952 F.2d 1357 (Fed.Cir.1991). However, that is not the situation in this case, where the inventor overcame the prior-art rejection by amending the claim, without argument, to add structural and functional limitations.

2. *See Pall Corp. v. Micron Separations, Inc.,* 66 F.3d 1211, 1220 (Fed.Cir.1995) ("a concession made ... to establish patentability in view of prior art upon which the examiner relied, is ... substantive").

3. Plaintiff admits that his amendment narrowed the claims. (Plaintiff's Opposition Brief at pp. 7–8 ("There is no dispute that the changes to the '685 patent narrow ... the Original Claims.")). For the reasons noted in the text, this admission could alone be dispositive of the substantive-change issue.

and therefore not "identical" to, any of the original claims.[4] Further supporting this conclusion is the fact that during reexamination both the PTO and the Court of Appeals for the Federal Circuit found that original claim 1 was unpatentable in light of newly cited prior art. These prejudicial determinations are independent confirmation that the scope of reexamined claim 1 is substantively changed from its original scope. If the scope had not been changed, the reexamined claim, like the original, would be still be invalid.

For all of the above reasons, the Court rules that each claim in the '685 patent was substantively changed during the reexamination proceeding, and it is hereby

**ORDERED AND ADJUDGED** that the Motion for Claim Construction is GRANT-ED. The claim language describing a "spool having an interior central parabolic venturi flow passage" means that the '685 patent requires an interior passage. It is further

**ORDERED AND ADJUDGED** that the Defendants' Motion for Partial Summary Judgment Regarding Computation of Damages [D.E. 317] is **GRANTED**, and that, pursuant to 35 U.S.C. §§ 307 and 252, the claims of Plaintiff's reexamined U.S.Patent No. B1 4,387,685 cannot be enforced against any devices which were made, used, offered for sale or sold within the United States, or imported into the United States, before February 3, 1998.

### Future Disposition of the Case

In light of the Court's decision that Plaintiff's patent claims *require* an interior passage, this case is ripe for summary disposition.

---

4. For example, each of the original claims required an "interior flow passage." The amended reexamined claims narrow the scope of the claim by adding limitations that now only cover a certain type of interior flow passage, specifically "an interior central para-

bolic flow passage extending to a downstream end of said spool." When the claims are read in light of the specification and prosecution history, it is clear that the new descriptive phrases are limitations that change the scope of the claims.