# United States Court of Appeals for the Federal Circuit

05-1018


ENERGIZER HOLDINGS, INC. and
EVEREADY BATTERY COMPANY, INC.,

Appellants,

v.


INTERNATIONAL TRADE COMMISSION,

Appellee,

and

PT INTERNATIONAL CHEMICAL INDUSTRIAL CO. LTD.,

Intervenor,

and


GOLDEN POWER INDUSTRIES, LTD.,
GUANGDONG CHAOAN ZHENGLONG ENTERPRISE CO., LTD.,
GUANGZHOU TIGER HEAD BATTERY GROUP CO., LTD.,
FUJIAN NANPING NANFU BATTERY CO., LTD.,
HI-WATT BATTERY INDUSTRY CO., LTD., NINGBO BAOWANG BATTERY CO., LTD.,
SICHUAN CHANGHONG ELECTRIC CO., LTD.,
ZHEJIANG 3-TURN BATTERY CO., LTD.,
and ZHONGYIN (NINGBO) BATTERY CO., LTD.,

Intervenors.

Randall G. Litton, Price, Heneveld, Cooper, DeWitt & Litton, LLP, of Grand Rapids, Michigan, argued for appellants. With him on the brief were Eugene J. Rath III and Matthew J. Gipson; Of counsel on the brief were V. James Adduci II and Maureen F. Browne, Adduci, Mastriani & Schaumberg, L.L.P., of Washington, DC. Of counsel were Michael L. Doane, David F. Nickel, Sarah E. Hamblin and S. Alex Lasher.

Wayne W. Herrington, Attorney, Office of the General Counsel, United States International Trade Commission, of Washington, DC, argued for appellee. With him on the brief was James M. Lyons, General Counsel. Of counsel was Neal J. Reynolds, Attorney.

        Kent R. Stevens, of Washington, DC, argued for intervenor PT International Chemical Industrial Co., Ltd.

        Steven P. Hollman, Hogan & Hartson L.L.P., of Washington, DC, argued for intervenors Golden Power Industries, Ltd., et al.  With him on the brief were Christopher T. Handman, Susan M. Cook and Jessica L. Ellsworth; Of counsel on the brief were William E. Thomson, Jr., Wei-Ning Yang, Yoncha L. Kundupoglu and Olga Berson, of Los Angeles, California.  Of counsel was Robert B. Wolinsky.

Appealed from:  United States International Trade Commission

# United States Court of Appeals for the Federal Circuit

05-1018

ENERGIZER HOLDINGS, INC. and
EVEREADY BATTERY COMPANY, INC.,

　　　　　　　　　　　　　　　Appellants,

v.

INTERNATIONAL TRADE COMMISSION,

　　　　　　　　　　　　　　　Appellee,

and

PT INTERNATIONAL CHEMICAL INDUSTRIAL CO. LTD.,

　　　　　　　　　　　　　　　Intervenor,

and

GOLDEN POWER INDUSTRIES, LTD.,
GUANGDONG CHAOAN ZHENGLONG ENTERPRISE CO., LTD.,
GUANGZHOU TIGER HEAD BATTERY GROUP CO., LTD.,
FUJIAN NANPING NANFU BATTERY CO., LTD.,
HI-WATT BATTERY INDUSTRY CO., LTD.,
NINGBO BAOWANG BATTERY CO., LTD.,
SICHUAN CHANGHONG ELECTRIC CO., LTD.,
ZHEJIANG 3-TURN BATTERY CO., LTD.,
and ZHONGYIN (NINGBO) BATTERY CO., LTD.,

　　　　　　　　　　　　　　　Intervenors.

_____

DECIDED:  January 25, 2006

_____

Before NEWMAN, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and SCHALL, <u>Circuit Judge</u>.

NEWMAN, <u>Circuit Judge</u>.

Energizer Holdings, Inc. and Eveready Battery Company, Inc. (collectively "EBC") appeal the ruling of the International Trade Commission in an action under section 337 of the Tariff Act of 1930 as amended (19 U.S.C. §1337), holding all of the claims of EBC's

United States Patent No. 5,464,709 ("the '709 Patent") invalid for failure to comply with 35 U.S.C. §112 ¶2.[1] We reverse the holding of invalidity and remand for further proceedings.

***The Invention***

The '709 patent is for an electrolytic alkaline battery cell that is substantially free of mercury. Alkaline battery cells typically contain an electrolyte such as potassium hydroxide, a metal oxide cathode such as manganese dioxide, and a zinc anode. A detrimental characteristic of alkaline cells has been corrosion of the zinc after partial discharge, producing hydrogen gas which exerts internal pressure, causing the cell to leak. A widely used corrosion inhibitor in such cells is mercury, which amalgamates with the zinc and inhibits hydrogen formation. Mercury, however, is an environmental pollutant, and extensive effort has been devoted to reducing or eliminating the mercury content in alkaline batteries.

The '709 patent describes the discovery that a cause of gas-producing corrosion is the presence of trace impurities in the zinc used in the anode, and that upon identification and elimination of these impurities, the addition of mercury can be eliminated or substantially reduced. The electrolytic cells at issue are described as "zero-mercury-added" batteries. EBC charged the respondents/Intervenors with violation of 19 U.S.C. §1337 based on their importation into the United States, sale for importation, and sale within the United States, of batteries asserted to infringe the '709 patent.

---

[1] In re Certain Zero-Mercury-Added Alkaline Batteries, Parts Thereof, and Products Containing Same, Inv. No. 337-TA-493 (Int'l Trade Comm'n, June 2, 2004 (Initial Determination); October 1, 2004 (Final Determination)).

In the Commission proceedings, the Administrative Law Judge construed the patent claims and held them valid and infringed. The Commission rejected the ALJ's claim construction and held all of the claims invalid for indefiniteness under 35 U.S.C. §112 ¶2, on the ground that the claim term "said zinc anode" lacks antecedent basis in the claim, and that the claims are unclear or ambiguous. EBC challenges this ruling, arguing that the meaning of "said zinc anode" and other usages in the claims, viewed in light of the specification, would be readily understood by persons of ordinary skill in the field of the invention, and that the absence of antecedent basis is not an invalidating flaw.

### Standard of Review

We review the Commission's decision on the criteria established by 19 U.S.C. §1337(c) and the Administrative Procedure Act. In accordance with the APA, agency factual findings are sustained unless they are arbitrary, capricious, or unsupported by substantial evidence, and agency rulings of law are reviewed for correctness. 5 U.S.C. §706(2)(E). See Jazz Photo Corp. v. Int'l Trade Comm'n, 264 F.3d 1094, 1099 (Fed. Cir. 2001) (applying the APA to review of decisions of the International Trade Commission).

An analysis of claim indefiniteness under §112 ¶2 is "inextricably intertwined with claim construction." Atmel Corp. v. Information Storage Devices, Inc., 198 F.3d 1374, 1379 (Fed. Cir. 1999). See Datamize v. Plumtree Software, Inc., 417 F.3d 1342, 1347-48 (Fed. Cir. 2005) ("'By finding claims indefinite only if reasonable efforts at claim construction prove futile, we accord respect to the statutory presumption of validity and we protect the inventive contribution of patentees, even when the drafting of their patents has been less than ideal.'") (quoting Exxon Research & Eng'g Co. v United States, 265 F.3d at 1371,

1375 (Fed Cir 2001)); <u>Oakley, Inc. v. Sunglass Hut Int'l</u>, 316 F.3d 1331, 1340-41 (Fed. Cir. 2003) (determination of claim definiteness "requires a construction of the claims according to the familiar canons of claim construction").  Accordingly, we give <u>de novo</u> review to the Commission's ruling of patent invalidity for claim indefiniteness.

35 U.S.C. §112 ¶2 requires that the patent specification shall "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."  This provision both facilitates examination during the patent application stage, and upon grant serves to notify the public of what is patented. The reviewing tribunal must determine whether a person experienced in the field of the invention would understand the scope of the claim when read in light of the specification. <u>See</u> <u>Howmedica Osteonics Corp. v. Tranquil Prospects, Ltd.</u>, 401 F.3d 1367, 1371 (Fed. Cir. 2005) (claim not indefinite due to ambiguity when meaning readily ascertained from the description in the specification); <u>Personalized Media Communications, LLC v. Int'l Trade Comm'n</u>, 161 F.3d 696, 705 (Fed. Cir. 1998).  <u>See</u> <u>generally</u> <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*) (claims are construed in the context of the specification and prosecution history, as they would be understood by persons in the same field of endeavor).

***The Commission's Decision***

The Commission held invalid independent claim 1 and dependent claims 2-7, for the claims all contain the usage to which the Commission objected.  Claim 1 is as follows, with emphasis added to the term that was the focus of the Commission's decision:

1.      An electrochemical cell comprising an alkaline electrolyte, a cathode comprising manganese dioxide as an active cathode component, and an

anode gel comprised of zinc as the active anode component, wherein the cell contains less than 50 parts of mercury per million parts by weight of the cell and **said zinc anode** has a gel expansion of less than 25% after being discharged for 161 minutes to 15% depth of discharge at 2.88A.

The Commission held the claim invalid because "said zinc anode" does not have an antecedent basis, the Commission explaining that "the term 'zinc anode' does not appear in the claim prior to the term 'said zinc anode.'" Final Det. at 22. The Commission also held that even if "said zinc anode" is construed to have as antecedent the "anode gel comprised of zinc as the active anode component" recited earlier in the claim, the claim would still be indefinite because, as written, it requires that the anode of every cell has been "discharged for 161 minutes to 15% depth of discharge at 2.88A." The Commission reasoned that since it appears that these discharge parameters are intended to apply only to a test cell, and not that every cell must be discharged, this unclear and ambiguous claim drafting renders the claim "indefinite as a matter of law." The Commission also held that EBC's proffer of alternative constructions of "said zinc anode" was an admission of indefiniteness.

DISCUSSION

The Commission held the claim invalid because the term "said zinc anode" lacked an antecedent basis, and because of the claim's imprecise statement of the role of the test parameters. EBC argues that these flaws do not render the claim "insolubly ambiguous," in the words of <u>Marley Mouldings, Ltd. v Mikron Industries</u>, 417 F.3d 1356, 1361 (Fed. Cir. 2005), which held that when a claim "is not insolubly ambiguous, it is not invalid for indefiniteness." <u>See</u> <u>also</u> <u>Bancorp Servs., L.L.C. v Hartford Life Ins. Co.</u>, 359 F.3d 1367, 1371 (Fed. Cir. 2004) ("We have held that a claim is not indefinite merely because it poses

a difficult issue of claim construction; if the claim is subject to construction, i.e., it is not insolubly ambiguous, it is not invalid for indefiniteness.").

EBC argues that a person of ordinary skill in this field would readily understand the claim despite imperfect drafting, for the specification makes clear that the test parameters included in the claim do not mean that every cell must be discharged for 161 minutes. EBC points out that the '709 patent is directed to a standard electrolytic alkaline cell, and that the specification clearly states that the purpose of the test is to identify zinc anode material used in the invention.

Claim definiteness is analyzed "not in a vacuum, but always in light of the teachings of the prior art and of the particular application disclosure as it would be interpreted by one possessing the ordinary level of skill in the pertinent art." In re Moore, 439 F.2d 1232, 1235 (CCPA 1971). The definiteness inquiry "focuses on whether those skilled in the art would understand the scope of the claim when the claim is read in light of the rest of the specification." Union Pac. Res. Co. v. Chesapeake Energy Corp., 236 F.3d 684, 692 (Fed. Cir. 2001). Although neither the Commission nor the courts can rewrite claims to correct material errors, the issue here is not correction of error, but understanding of what the claim covers. When the meaning of the claim would reasonably be understood by persons of ordinary skill when read in light of the specification, the claim is not subject to invalidity upon departure from the protocol of "antecedent basis."

The requirement of antecedent basis is a rule of patent drafting, administered during patent examination. The Manual of Patent Examining Procedure states that "[o]bviously, however, the failure to provide explicit antecedent basis for terms does not always render a claim indefinite." MPEP §2173.05(e) (8th ed. Rev. 2, May, 2004). In Slimfold

Manufacturing Co. v. Kinkead Industries, Inc., 810 F.2d 1113, 1117 (Fed. Cir. 1987) the court held that "the missing antecedent clause, the absence of which was not observed by the examiner of the original patent or by Kinkead in its reissue protest documents, did not fail to inform the public during the life of the ['274] patent of the limits of the monopoly asserted." The Slimfold court held that addition of the missing antecedent basis during reissue was not a substantive change.

Whether this claim, despite lack of explicit antecedent basis for "said zinc anode," nonetheless has a reasonably ascertainable meaning must be decided in context. In prosecuting the '709 patent, the examiner made several objections to the claims, but the claims were not rejected or objected to on the ground of lack of antecedent basis. In Bose Corp. v. JBL, Inc., 274 F.3d 1354, 1359 (Fed. Cir. 2001) the court held that despite the absence of explicit antecedent basis, "If the scope of a claim would be reasonably ascertainable by those skilled in the art, then the claim is not indefinite." Moreover, we noted in Slimfold that an antecedent basis can be present by implication. Slimfold, 810 F.2d at 1116. See Cross Medical Products v. Medtronic Sofamor Danek, 424 F.3d 1293, 1319 (Fed. Cir. 2005).

Neither the Commission nor the Intervenors argued that they did not understand the intended scope because of the absence of an antecedent. The Commission erred in holding that the need to construe a claim, or the proffer of alternative constructions, renders the claim indefinite. A claim that is amenable to construction is not invalid on the ground of indefiniteness. In Exxon Research & Engineering, 265 F.3d at 1375, the court stated that "if the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the

claim sufficiently clear to avoid invalidity on indefiniteness grounds." See also Novo Indus., L.P. v. Micro Molds Corp., 350 F.3d 1348, 1353 (Fed. Cir. 2003) (determining whether claim is "amenable to construction"); Honeywell Int'l, Inc. v. Int'l Trade Comm'n, 341 F.3d 1332, 1338 (Fed. Cir. 2003) (a claim is not indefinite because it is hard to construe). Here, it is apparent that the claim can be construed. In that regard, we conclude that "anode gel" is by implication the antecedent basis for "said zinc anode." The Commission's holding of invalidity on the ground of indefiniteness is reversed.

No other issues of validity and infringement are before us on appeal. The case is remanded for further proceedings.

REVERSED and REMANDED